JOE BARNES et al. v. STATE.

No. A-4575.     Opinion Filed Dec. 3, 1924.

(230 Pac. 760.)

(Syllabus.)

Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Manufacture of Whisky. In a prosecution for manufacturing whisky, evidence held to warrant a conviction.

Appeal from County Court, Latimer County; C. B. Mitchell, Judge.

Joe Barnes and another were convicted of unlawfully manufacturing whisky, and they appeal. Affirmed.

H. T. Church, for plaintiffs in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiffs in error, Joe Barnes and Frank Ramer, were jointly tried and convicted on a charge of manufacturing whisky, and the punishment of each fixed at a fine of $50, and confinement in the county jail for 30 days. They have appealed from the judgment rendered upon such conviction.

The sole question presented is the sufficiency of the evidence to support the verdict. Austin Park, sheriff, and Walter Mitchell, deputy, each testified, near a canyon on the side of a mountain, about half a mile from the road, when the defendants drove by in a wagon, they followed them into the woods. The defendants stopped and took a sack of either sugar or meal out of the wagon, and poured it into a barrel. After watching them for about five minutes the officers appeared: One of the defendants was stirring the contents of the mash in the barrel, and the other was making yeast cake. The sheriff asked them if they had it ready. One of the defendants said "We are caught, and it is no use to rear up about it." The other said, "We are not guilty until proven."

The officers found a 30-gallon barrel full of mash, a 10-gallon can, a copper boiler with a hole in the top, a can with dough, and some fruit jars with a very small amount of whisky in them. The defendants stated to the officers that somebody took the worm away that morning. It also appeared that there had been a fire under the still that morning.

The defendants offered no evidence, and at the close of the state's case moved for a directed verdict of acquittal on the ground that the evidence was insufficient to convict them. Which motion was overruled, and exception allowed. The

court properly instructed the jury on the charge of manufacturing whisky. The defendants did not ask that the included offense of attempt to manufacture whisky be submitted.

It is contended that the verdict is not sustained by the evidence, and that the trial court erred in overruling the defendant's motion for a directed verdict. The rule is well settled that, if there is any evidence tending to prove that a defendant has committed the offense charged in the information, the court should submit the case to the jury.

We are of the opinion that the verdict is supported by the evidence. It follows that the motion for a directed verdict was properly overruled.

The judgment is affirmed.

MATSON, P. J., and BESSEY, J., concur.